**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Ashinay Horton-Starks,

Petitioner,

v.

Jeremy Howard,

Respondent.

Case No. 26-10707

Judith E. Levy
United States District Judge

Mag. Judge Curtis Ivy, Jr.

________________________________/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE HABEAS PETITION [1], DENYING A CERTIFICATE OF APPEALABILITY, DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL AND DENYING AS MOOT MOTION TO APPOINT COUNSEL [3]**

## I. Introduction

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Ashinay Horton-Starks was convicted of second-degree murder under Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony under Mich. Comp. Laws § 750.227b, after entering a no contest plea in the Macomb County Circuit Court. She was sentenced to consecutive terms of 27 to 50 years in prison and two years in prison in 2023. In her petition, she raises claims regarding ineffective trial and appellate counsel, judicial bias, the

preliminary examination and the prosecutor's charging decision, witness tampering and the non-disclosure of evidence by the police, and the voluntariness of her plea (alleging it was made under duress). (ECF No. 1.)

For the reasons set forth below, the Court concludes that Petitioner has not exhausted state court remedies and dismisses her habeas petition without prejudice. The Court also denies as moot Petitioner's motion for appointment of counsel (ECF No. 3), denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

## II. Procedural History

Following sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit. *People v. Horton-Starks*, No. 372039 (Mich. Ct. App. Sep. 5, 2025) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Horton-Starks*, 28 N.W.3d 690 (Dec. 19, 2025) (mem.).

Petitioner dated her federal habeas petition on February 23, 2026. She agrees that she has not exhausted any of her current habeas claims in the state courts, alleging that appellate counsel refused to raise them

and/or failed to properly raise them. (ECF No. 1.)

**III. Analysis**

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to screen petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which "raise legally frivolous claims," as well as those containing "factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

A prisoner filing a habeas petition pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). A Michigan prisoner must present each habeas issue to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). A prisoner must "fairly present" each habeas issue to the state courts by asserting both the factual and legal bases for the claims. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Court can and must raise the exhaustion issue on its own when it clearly appears from the pleadings and available records that the habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

Petitioner fails to meet her burden of demonstrating exhaustion of state court remedies. She agrees that she has not properly exhausted her

habeas claims in the state courts. Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, she may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 raising her unexhausted claims before the state trial court and then pursue those claims in the state appellate courts as necessary. Federal law provides that a habeas petitioner is only entitled to relief if they can show that the state-court rule resulted in a decision that is contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d). The state courts must be given a fair opportunity to rule on Petitioner's claims before she seeks federal habeas review. Additionally, the state proceedings may result in the reversal of Petitioner's convictions, thereby rendering moot the federal questions presented. *See, e.g.*, *Humphrey v. Scutt*, No. 08–CV–14605, 2008 WL 4858091, at *1 (E.D. Mich. Nov. 5, 2008) (collecting cases)).

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner

to present the unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 275–76 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

In this case, Petitioner does not request a stay nor indicate that her case justifies one. Furthermore, a stay is inappropriate. According to Petitioner, none of her habeas claims have been unexhausted in the state courts. The Court cannot ordinarily stay a habeas petition containing only unexhausted claims. In such a case, a non-prejudicial dismissal of the petition is appropriate. *See Whitmore v. Braman*, No. 2:22-CV-11810, 2022 WL 4088178, at *2 (E.D. Mich. Sept. 6, 2022) (collecting cases and dismissing petition without prejudice).

Moreover, even if Petitioner filed a mixed habeas petition, she is not entitled to a stay. First and foremost, the one-year statute of

limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as she pursues state court remedies in a prompt fashion. The one-year period did not begin to run until 90 days after the conclusion of her direct appeal. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13. The Michigan Supreme Court denied Petitioner's application for leave to appeal on December 19, 2025. Thus, the one-year period began to run on or about March 19, 2026. Petitioner dated her federal habeas petition on February 23, 2026—before the one-year period even began.

While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g.*, *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088–89 (E.D. Mich. 2004). The one-year period is also tolled while a properly filed post-conviction or collateral review motion is

pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219–21 (2002). Given that the full one-year period remains as of the date of this decision, Petitioner has ample time to fully exhaust her habeas claims in the state courts and then return to federal court on a perfected petition should she wish to do so. A stay is unnecessary.

Additionally, while there is no evidence of intentional delay, Petitioner fails to establish good cause for not exhausting her claims in the state courts before seeking federal habeas review. The fact that counsel did not raise the unexhausted claims at trial or on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Petitioner's failure to exhaust her claims on state collateral review before filing in federal court. The lack of legal education and ignorance of the law do not constitute good cause for failure to exhaust state-court remedies. *Harvey v. Jones*, 179 F. App'x 294, 299–300 (6th Cir. 2006).

Petitioner's unexhausted claims concern matters of federal law and may not be plainly meritless. Her claims should be presented to, and addressed by, the state courts in the first instance.

## IV. Conclusion

For the reasons set forth above, the Court concludes that Petitioner has not exhausted state-court remedies for any of her habeas claims and that a stay of the proceedings is unwarranted. Accordingly, the Court DISMISSES WITHOUT PREJUDICE her habeas petition. (ECF No. 1.) The Court makes no determination as to the merits of her claims. The Court also DENIES AS MOOT Petitioner's motion to appoint counsel. (ECF No. 3.)

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85

(2000). Here, reasonable jurists could not debate the Court's procedural ruling. Accordingly, the Court DENIES a certificate of appealability.

The Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court DENIES leave to proceed in forma pauperis on appeal.

IT IS SO ORDERED.

Dated: August 6, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager